UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                            :
                            :
                            :   Civ. Action Nos. 17-3779 (NLH)
IN RE: THOMAS KOPEC,        :                   17-4790 (NLH)
                            :
        Petitioner.         :   MEMORANDUM OPINION
                            :
                            :
_____ :

IT APPEARING THAT:

1. Petitioner Thomas Kopec ("Petitioner") has recently filed two matters with this Court. In his first case, Petitioner names Kristin Rupert, an employee at the Records Department of the Federal Correctional Institution at Fort Dix, as respondent, and requests that the Court:

> issue the Writ of habeas corpus command to Respondent unidentified but Identifiable holder of Plaintiff's body to make the return of the certified record showing by what Government and by what Law is followed for lawful Power to hold the human body and restrain the federal and civil right of personal liberty of out of State citizen petitioner physically in State of N.J. at Trenton, at zip code 08640, for enforcement of State of Virginia's Government law~ inside the State of N.J. or any Government's laws inside the State of N.J. as lawful restraint upon petitioner's liberty and private human labor without service of process notice and without providing petitioner and opportunity to be heard before

>       respondents' restraint on liberty and
>       labor is final and unreviewable.

(Civil Action No. 17-3779, ECF No. 1.)

2. In his second case, Petitioner names FCI Fort Dix employee A. Baglieri as respondent, and requests that the Court:

> [i]ssue Mandamus Order enjoining Respondent, A. Baglieri, to cease and desist all orders and/or direct declarations and acts that impede or suspend or cancel independent Government of THE FEDS' command releasing petitioner, Thomas Kopec, from Joint Base McGuire-Dix-Lakehurst, in State of N.J. back to home State of New York.

(Civil Action No. 17-4790, ECF No. 1.)

3. The factual allegations in both Petitions are similar, but still unclear. To the best the Court can discern, it appears that Petitioner is challenging the authority of the federal government to: arrest him in his home state of New York; bring him to Virginia to faces federal charges; convict him in Virginia; and then send him to New Jersey to serve his sentence. (Civil Action No. 17-3779, Pet. 4-8; Civil Action No. 17-4790, Pet. 3-9); see also U.S. v. Kopec, Crim. Action No. 15-869 (E.D.N.Y. 2015); U.S. v. Kopec, Crim. Action No. 14-204 (E.D. Va. 2014). It appears that the ultimate relief Petitioner is seeking in both actions is release from custody to return back to New York.

4. According to the online Inmate Locator Database maintained by the Bureau of Prisons, Petitioner was released from

custody on June 26, 2017. https://www.bop.gov/inmateloc. Because it appears that the only relief Petitioner was seeking, i.e. release from custody in New Jersey, has been granted, the Court will dismiss these matters as moot. See Leahy v. Hollingsworth, No. 15-7592, 2016 WL 3392269, at *2 (D.N.J. June 15, 2016) ("Petition is moot because Petitioner is no longer threatened with an actual injury traceable to the BOP and likely to be redressed by a favorable judicial decision") (internal citations and quotation marks omitted).

5. To the extent the Court has misconstrued the nature of Petitioner's claims and/or his requested relief, Petitioner may file a motion for reconsideration within 30 days of the date of this Memorandum Opinion.

6. An appropriate order follows.


Dated: July 10, 2017            s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.